**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1830
_____

IN RE: APPLICATION OF EWE GASSPEICHER GMBH FOR AN ORDER,
PURSUANT TO 28 U.S.C. 1782, TO OBTAIN DISCOVERY FOR USE IN A
FOREIGN PROCEEDING

EWE GASSPEICHER GmbH,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-19-mc-00109)
District Judge, Honorable Richard G. Andrews

Argued: December 9, 2020
_____

Before: MCKEE, PORTER, and FISHER,
*Circuit Judges*.

(Opinion Filed: June 22, 2022)

Daniel B. Rath
Rebecca L. Butcher
Jennifer L. Cree
Landis Rath & Cobb
919 Market Street
Suite 1800
Wilmington, DE 19801

Timothy P. Harkness **[ARGUED]**
Olivia Greene
Freshfields Bruckhaus & Deringer
601 Lexington Avenue
31st Floor

New York, NY 10022

*Counsel for Applicant-Appellant*

Jeffrey S. Bucholtz **[ARGUED]**
King & Spalding
1700 Pennsylvania Avenue, N.W.
Suite 900
Washington, DC 20006

Elizabeth Silbert
King & Spalding
1180 Peachtree Street, N.E.
Suite 1600
Atlanta, GA 30309

Robert E. Meadows
King & Spalding
1100 Louisiana Street
Suite 4100
Houston, TX 77002

David C. McBride
Anne Shea Gaza
Robert M. Vrana
Samantha G. Wilson
Young Conaway Stargatt & Taylor
Rodney Square
1000 North King Street
Wilmington, DE 19801

*Counsel for Respondent-Appellee*

———————

OPINION*

———————

―――――――――――――――――

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PER CURIAM

EWE Gasspeicher GmbH ("EWE") appeals from the District Court's order denying discovery under 28 U.S.C. § 1782. In light of the Supreme Court's recent decision in *ZF Automotive US, Inc. v. Luxshare Ltd.*, we will affirm. No. 21-401, 2022 WL 2111355 (U.S. June 13, 2022).

I

We write for the parties, so we summarize the facts and procedural history briefly. EWE, a German company, operates gas storage caverns in Germany. *See In re EWE Gasspeicher GmbH*, No. CV 19-MC-109-RGA, 2020 WL 1272612, at *1 (D. Del. Mar. 17, 2020). German companies affiliated with Halliburton Company, an American multinational, supplied EWE with some safety valves for its caverns. *Id.* EWE believes the safety valves it got are defective, so it began contractually-mandated arbitration proceedings against its German suppliers under the rules of the Deutsche Institution für Schiedsgerichtsbarkeit ("DIS"), a private dispute-resolution association located in Berlin. *Id.*

This foreign quarrel arrived on our shores when EWE sought discovery against Halliburton for use in the private arbitration. EWE relied on section 1782 of the Judicial Code, which allows U.S. district courts to compel discovery "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The District Court quashed the subpoenas against Halliburton and denied discovery because "a private commercial arbitration is not a 'tribunal'" under section 1782. *EWE*, 2020 WL 1272612, at *2 (D. Del. Mar. 17, 2020).

This appeal followed.[1]

II[2]

While this appeal was pending, the Supreme Court decided *ZF Automotive*. In *ZF Automotive*, the Supreme Court held that "[p]rivate adjudicatory bodies do not fall within § 1782." 2022 WL 2111355, at *8. Given that holding, our analysis here is "straightforward." *Id.* We must determine whether the arbitration panel is "governmental or intergovernmental." *Id. ZF Automotive* also answers that question. In *ZF Automotive*, as in this case, "[p]rivate parties agreed in a private contract that DIS, a private dispute-resolution organization, would arbitrate any disputes between them." *Id.* "No government is involved in creating the DIS panel or prescribing its procedures." *Id.* So as in *ZF Automotive*, the private arbitration panel in this case "does not qualify as a governmental body." *Id.* Given that, EWE had no right to seek discovery under section 1782.

*     *     *

We will affirm the District Court's order.[3]

---

[1] We consolidated this appeal with another case that raised the same question. *See In re Application of Storag Etzel GmbH*, No. 20-1833 (3d Cir. filed Apr. 24, 2020). That appeal was later voluntarily dismissed.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

[3] The parties' motions to file briefs under seal, ECF 39, 45, 50, are granted. *See* ECF 30.

4